State v. Lamb

STATE OF NORTH CAROLINA v. CHARLES ANDREW LAMB, JR.

No. 7622SC257

(Filed 21 July 1976)

Criminal Law § 117— self-incriminating testimony by uncle of defendant — instruction on interested witness improper

In a prosecution for discharging a shotgun into an occupied dwelling, the trial court erred in instructing the jury to the effect that defendant's witness, being an uncle of defendant, was an interested witness and that his testimony should be carefully scrutinized, since the witness testified that he fired the shots into the dwelling, and his interest against self-incrimination was at least as strong as the bias which would incline him to testify in behalf of his nephew.

APPEAL by defendant from *Crissman, Judge.* Judgment entered 30 October 1976 in Superior Court, DAVIDSON County. Heard in the Court of Appeals 17 June 1976.

Upon a plea of not guilty defendant was tried on a bill of indictment charging him with discharging a shotgun into a dwelling house occupied at the time by Van Byars, his wife and children. Evidence presented by the State tended to show:

On the night in question, Van Byars, his wife and several children were asleep in their home. Awakened by a loud noise,

Mrs. Byars arose from her bed, went to a window and saw a man holding a long gun standing outside the window. The man turned and ran but Mrs. Byars recognized him as the defendant, a cousin of her husband's. She awakened Mr. Byars and in a few minutes a deputy sheriff arrived after which they discovered holes in the screen and interior of the house made by shotgun pellets. After the deputy left, defendant and his uncle, Jimmy Lamb, drove up close to the house. Defendant called to Mr. Byars, cussed him for being a s.o.b., and admitted that he had tried to kill Byars earlier that night. There had been previous threats between defendant and Byars because the latter's brother had shot defendant's father. Defendant had been convicted of shooting the tires on the Byars' car and also of shooting his (defendant's) wife's former husband.

Defendant took the stand and denied shooting into the house. His uncle, Jimmy Lamb, testified that he shot into the house with a .12 gauge shotgun because Byars had said that he hoped defendant's father (Jimmy's brother) died as a result of being shot by Byars' brother.

The jury found defendant guilty as charged and from judgment imposing prison sentence of not less than six nor more than ten years, defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Ralf F. Haskell, for the State.*

*Barnes and Grimes, by Jerry B. Grimes, and Cahoon and Swisher, by Robert S. Cahoon, for defendant appellant.*

BRITT, Judge.

Defendant assigns as error the failure of the trial court to grant his motion for nonsuit. We find no merit in the assignment. While the evidence was conflicting, particularly with respect to the testimony of Mrs. Byars and statements she made to the officers immediately following the occurrence, the conflicts were for the jury to resolve and did not warrant nonsuit. 2 Strong, N. C. Index 2d, Criminal Law § 104.

Defendant assigns as error the court's instruction to the jury to the effect that his witness Jimmy Lamb, being an uncle of defendant, was an interested witness and that his testimony should be carefully scrutinized. In support of this assignment defendant relies primarily on *State v. Turner,* 253 N.C. 37, 116

S.E. 2d 194 (1960). Being of the opinion that the principle declared in *Turner* applies to this case, we sustain the assignment of error and hold that defendant is entitled to a new trial.

In *Turner*, defendant was tried on a warrant charging him with possession of illicit liquor for the purpose of sale. The State's evidence tended to show: Police officers with a search warrant went to defendant's home. Upon arrival they found no one there except defendant's fifteen or sixteen-year-old son. After reading the search warrant to him, they searched the premises and found a large quantity of illicit whiskey. Defendant denied knowledge of the whiskey being on his premises and presented as a witness his brother-in-law who had been living in the home about two weeks. The brother-in-law testified that the whiskey was his and that defendant knew nothing about it.

The trial court instructed the jury that the brother-in-law was an interested witness and that his testimony should be carefully scrutinized. In an opinion by Justice (later Chief Justice) Bobbitt, the Supreme Court awarded a new trial holding that under the facts in the case the instruction was erroneous since the interest of the witness against self-incrimination was at least as strong as the bias which would incline him to testify in behalf of a brother-in-law.

The record in the case *sub judice* discloses: Jimmy Lamb was called to the witness stand and when it appeared that he was going to testify that he did the shooting, the court in the absence of the jury warned the witness that anything that he said could be used against him; and, if he admitted the shooting, he would subject himself to having a bench warrant served on him and placed under immediate arrest. In spite of the warning, Lamb testified that he shot into the house.

It appears to us that the interest of the witness against self-incrimination in the instant case was even stronger than was true in *Turner;* therefore, the principle applied there must be applied here.

Since a new trial is ordered for the reasons above stated, we decline to discuss the other assignments of error brought forward and argued in defendant's brief.

New trial.

Judges HEDRICK and MARTIN concur.